UNITED STATES v. THOMPSON and another.

*(Circuit Court, D. Oregon.    November 22, 1886.)*

1. CONSPIRACY—CONSPIRACY TO DEFRAUD— REV. ST. U. S. § 5440.
   The crime defined in section 5440, Rev. St. U. S., includes every conceivable case of conspiracy to defraud the United States by depriving or divesting it of any property, money, or thing otherwise than as the law requires or allows.
2. SAME—CONSPIRACY TO DEFRAUD THE UNITED STATES OF A PORTION OF THE PUBLIC LAND.
   A conspiracy by two persons to enter a certain tract of land in the name of one of them, under the timber culture act, with the money of the other, for the purpose of selling and disposing of the location, for the benefit of the party furnishing the money, to any one who might desire to enter the same, is not a conspiracy to defraud the United States of its title to or dominion over said land; but it may be a conspiracy to defraud the United States of the possession thereof for an indefinite period.
3. SAME—ACT DONE IN PURSUANCE OF CONSPIRACY—REV. ST. U. S. § 5440.
   It is an ingredient of the crime defined by section 5440, Rev. St. U. S., that some act must be done by one of the parties to the conspiracy in further-ance thereof; but such act need not be in itself a crime or of a criminal nature.
4. SAME—INDICTMENT—AFFIDAVIT PRESCRIBED BY LAW.
   Where the words of the affidavit required to be taken by an applicant for public land are set forth in the statute under which the application is made, it is sufficient, in an indictment, to refer to or describe it as the affidavit re-quired of such applicant by law.
*(Syllabus by the Court.)*

Indictment for Conspiracy to Defraud the United States.
*Lewis L. McArthur,* for the United States.
*Julius C. Moreland,* for defendant.

DEADY, J.    The defendants are accused by the grand jury of the district of committing the crime of conspiring to defraud the United States as defined by section 5440 of the Revised Statutes, which reads as follows:

"If two or more persons conspire either to commit any offense against the United States, or *to defraud* the United States in any manner or for any pur-pose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than $1,000, and not more than $10,000, and to imprisonment not more than two years."

The indictment contains two counts.    In the first one it is alleged that on August 25, 1886, within the jurisdiction of this court, the de-fendants, W. F. Thompson and Thomas Ryan, did conspire to de-

fraud the United States of "its title to and dominion over" the S. W. ¼ of section 10, in township 1 N., range 20 E. of the Wallamet meridian, situate in The Dalles land-district, and being a portion of the public domain.

The second count contains the same allegations as the first one concerning the conspiracy to defraud the United States of "its title to and dominion over" this quarter section of the public land, by the following means: The defendants agreed (1) that Ryan should make a timber-culture application in his own name for said land, and make the affidavit required by law, and, before making such application or affidavit, he would make and deliver to Thompson a power of attorney, authorizing and empowering him to execute a relinquishment in Ryan's name of all right acquired by him under such application; (2) that Ryan would deliver to Thompson the receipts for fees and compensation paid on the application, while the latter would give the former the money with which to pay the same, and $1.50 for making the application; (3) that afterwards, on August 26, 1886, in pursuance of said conspiracy, Ryan did deliver to Thompson such power of attorney, and the latter gave the former $14 wherewith to pay said fees and compensation; (4) that thereupon Ryan made such application for the tract of land aforesaid, and the affidavit required by law, and paid such fees and compensation, the receipt for which he delivered to Thompson, who then, in consideration of the premises, gave him $1.50. The defendant Thompson demurs to the indictment for that it does not state facts sufficient to constitute a cause of action.

This section, 5440, is compiled from section 30 of the act of March 2, 1867, (14 St. 484,) entitled "An act to amend existing laws relating to internal revenue, and for other purposes." In the compilation the phrase, "in any manner whatever," is changed so as to read, "in any manner or for any purpose." The manifest purpose of the act was to prevent and punish frauds on the revenue. But that is no reason why the universality of its language should be so restrained in its operation. It must therefore be construed to include every conceivable case of conspiracy to defraud the United States; that is, to deprive or divest it of any property, money, or thing otherwise than as the law requires or allows. "To defraud" the government of any portion of the public lands necessarily implies that the government is thereby deprived of its title or ownership of the same.

An entry under the timber-culture act of June 14, 1878, (20 St. 113,) consists of the application, and affidavit to the qualification of the applicant, and the declaration that the filing and entry is made exclusively for the benefit of the affiant, and not for the purpose of speculation; the payment of the fees and compensation to the receiver; and the cultivation of the land in timber for eight years, so that at the end of that period there shall be growing thereon at least 675 "living and thrifty trees to each acre;" and, on proof of these

facts by two credible witnesses," a patent will issue to the claimant for the same. If, at any time after the application is made, the claimant fails to comply with the requirements of the act, the land becomes thereby subject to entry under the homestead law, or by some other person under the timber-culture act; and provision is made for notice of such entry to the original claimant, and a contest if he desires it.

It is understood from the argument of counsel that the conspiracy with which the defendants are charged may be worked out as follows: Thompson, who is supposed to be a person of some means and enterprise, desires to speculate in desirable locations for settlement on the public lands by getting control of them in advance of the general occupation of the vicinity. To this end he gets Ryan to make an application under the timber-culture act, and furnishes him with the means to do so, and also pays him something for his trouble, as well as the wear and tear of conscience. At the same time Ryan gives Thompson a power of attorney authorizing him at any time to execute a relinquishment of all his right under such application. Under this arrangement, Ryan, or his employer, make a show of complying with the act for six months or a year or even more, when a customer is found who is willing to pay Thompson something handsome, under the circumstances, for the privilege of taking the land under the homestead or timber-culture act, which is accomplished by Thompson's executing a relinquishment of Ryan's right in the latter's name.

Barring the perjury, and subornation of perjury, which appears to be involved in this transaction, the same thing, in effect, was done under the donation act in the early days of Oregon. Then the transient squatter, keeping ahead of the home-seeking settler, often camped on the choice locations in each valley or vicinity, and occupied them with his cabin and stock until the latter came along and bought him off,—induced him to abandon his possession,—and thus enable the purchaser to become a settler on the land under the donation law.

There is no doubt, on the case made in the indictment, that Ryan is guilty of perjury, and Thompson of subornation of perjury. But they did not conspire or intend to deprive or divest the United States of its title to the land in question, or of its ownership thereof. Their real purpose was to use and abuse the privilege given by the timber-culture act so as to get possession of the land in an apparently lawful manner, and thereby obtain money from any one who was willing to pay Thompson a sufficient premium for the opportunity of acquiring the land from the United States for himself. So long as Ryan complies with the law—plows the land and plants it in timber—the public have the benefit of his labor and expenditure; and, when he ceases to do so, the land is subject to entry by any other qualified person. But until it has been earned by cultivation in timber, as the act provides, for eight years, the title and ownership remain in the United States.

At most, the purpose of the defendants was to deprive the United States of the possession of this land for an indefinite time, or until a purchaser of the location was found. But the charge in the indictment is that the defendants conspired to defraud the United States of its title to the land, or the "dominion" over it, which is the same thing; and, although Ryan had taken the land in good faith for his own exclusive use and benefit, he might, at any time before the expiration of the eight years and the making of his final proof, have abandoned it generally, or in favor of some particular person for a valuable consideration, without violating any law. I do not wish to paliate the acts of the defendants, or apologize for their conduct; but they are not, in my judgment, guilty of the crime charged in the indictment.

The oath of the applicant was thought by congress sufficient to prevent one man being used by another to appropriate the possession of the public land for any purpose, either temporary or permanent. If it is found insufficient for that purpose, congress must be appealed to for further legislation in the premises. The remedy already provided for this case is a prosecution for perjury and subornation of perjury; and the proof that would support the indictment in this case would support it in the other.

Other points were made on the argument, but it is unnecessary to consider them. I may add, however, that the doing of some act in pursuance of the conspiracy is an ingredient of the crime defined by section 5440 of the Revised Statutes, and that fact must be duly alleged. The first count does not contain any such allegation. But such act need not be in itself criminal, or amount to a crime, as contended by counsel for the demurrer. And where, as in this case, the statute prescribes the oath which the applicant must take, it is sufficient to aver in the indictment that the party took the oath required in such cases by law. The very words of the affidavit being prescribed by law, the court will take notice of them, and so must the defendants.

The demurrer to the indictment is sustained; but, as it appears, on the facts stated therein, that the defendant Thompson has committed the crime of subornation of perjury, he will be held over to await the action of the next grand jury in that respect.